```
 1  HERUM\CRABTREE\SUNTAG
    A California Professional Corporation
 2  DANA A. SUNTAG (California State Bar No. 125127)
    BENJAMIN J. CODOG (California State Bar No. 307034)
 3  5757 Pacific Avenue, Suite 222
    Stockton, California  95207
 4  Telephone: (209) 472-7700
    Facsimile:   (209) 472-7986
 5
 6  Attorneys for Chapter 7 Trustee
    KIMBERLY J. HUSTED
 7
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| In re: | ) | NO: 09-44733-A-7 |
|---|---|---|
| | ) | DC No.: HCS 3 |
| ROBERT A. WIEMER, JR., | ) | **CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL THE ESTATE'S INTEREST IN PROPERTY** |
| Debtor. | ) | |
| | ) | Date: June 11, 2018<br>Time: 10:00 a.m.<br>Place: Department A<br>**The Honorable Michael S. McManus** |

CHAPTER 7 TRUSTEE'S MOTION TO SELL

1

HERUM \ CRABTREE \ SUNTAG
ATTORNEYS

# I.
# **INTRODUCTION**

Chapter 7 Trustee Kimberly J. Husted respectfully moves for authorization to sell the estate's interest (if any) in all of the following:

(i) Atlas S.A.R., LLC, a New Mexico limited liability company ("Atlas SAR") (and its assets, including but not limited to Lots 11 and 12, Bernalillo Industrial Park Subdivision, Town of Bernalillo, Sandoval County, New Mexico (APN R125471 & APN R125472, respectively));

(ii) The real property identified as Lot 4 of Lands of Refugio Navarro, M.R.G.C.D. Map 11, Town of Bernalillo, Sandoval County, New Mexico (APN R127583);

(iii) A safe and any contents thereof; and

(iv) Firearms

(collectively, the "Assets").

The buyer of the Assets is Denise Rubino, M.D. (the "Buyer"), and she has signed a purchase and sale agreement (the "Agreement") in which she has agreed to buy the Assets for $12,000 (the "Sales Price"). As the Agreement requires, she has delivered a cashier's check for $3000 to the Trustee. As the Agreement states, the $3000 is nonrefundable unless this Court issues an order for sale of the Assets to an overbidder or the Court declines or fails to make certain findings of fact designated in the Agreement (discussed below), in which case it shall be fully refundable.

The Trustee requests that the order granting this motion expressly find the Buyer is a good faith purchaser under 11 U.S.C. Section 363(m).

The sale is subject to overbid.

As we show below, the relief this motion seeks is appropriate and in the best interests of the estate such that this Court should grant it.



## II.
## **FACTS**

A. <u>Background</u>.

1. On November 11, 2009, the Debtor filed this case under Chapter 11.

2. On December 1, 2009, the Debtor filed his initial schedules. (Doc. No. 10). His initial schedules did not schedule any of the Assets.[1]

3. By order issued on June 16, 2010, the Court granted the U.S. Trustee's motion to convert this case to Chapter 7, and Thomas E. May was appointed the Chapter 7 Trustee. (Doc. No. 54).

4. On August 4, 2010, the Debtor filed amended schedules. (Doc. No. 105). Again, he failed to schedule any of the Assets.[2]

5. On August 6, 2012, this case closed. (Doc. No. 177).

6. On February 6, 2015, the Debtor filed a motion to reopen this case to amend his schedules to list two lawsuits he had failed to list in his schedules. (Doc. No. 180, ¶¶ 3-5).

7. By order issued on February 11, 2015, the Court reopened this case and Ms. Husted was appointed Chapter 7 Trustee. (Doc. Nos. 183, 187).

8. On February 15, 2015, the Debtor filed an amended Schedule B. (Doc. No. 189). Again, he failed to schedule any of the Assets.[3]

B. <u>Negotiations with the Buyer and the Agreement</u>.

9. After this Court reopened this case, the Buyer, through counsel, approached the Trustee and her counsel about buying some or all of the assets. There were substantial negotiations, which lasted many months.

---

[1] On his Schedule B, the Debtor scheduled an interest in "Atlas, LLC," a New Mexico limited liability company, but no interest in "Atlas SAR."

[2] Again, the amended schedules listed the Debtor's interest in Atlas, LLC, but no interest in Atlas SAR.

[3] Again, this amended Schedule B listed the Debtor's interest in Atlas, LLC, but no interest in Atlas SAR.

10. Eventually, the parties reached agreement on a sale of the Assets to the Buyer and the parties signed the Agreement. (Husted Decl., Ex. A).

11. The Buyer's Declaration filed concurrently explains why the Assets are property of the estate, and the Trustee requests the order granting this motion expressly find the Assets are property of the estate, as the Agreement requires as a condition to the sale. (Rubino Decl., ¶¶ 4-7; Agreement, ¶ 6(a)).

12. Aside from the Sales Price of $12,000 and the down payment of $3000, the Agreement also states:

    (a) The sale is subject to overbidding. (Agreement, ¶ 3).

    (b) Buyer waives any breakup fee or any other compensation or reimbursement if Buyer is not the successful buyer. (Agreement, ¶ 3).

    (c) The Trustee disclaims any and all representations or warranties relating to the Assets. (Agreement, ¶ 4).

    (d) Buyer is buying the Assets "as is" and is not relying on any warranties, promises, statements, understandings, or representations of the Trustee. (Agreement, ¶ 5(a) and (b)).

    (e) With the exception that Buyer is not releasing the Debtor of any claims, Buyer will not seek any remedy against Trustee or the Bankruptcy Estate for or with respect to any of the Assets and releases the Trustee and the Bankruptcy Estate with a California Civil Code Section 1542 waiver. (Agreement, ¶ 5(d)).

    (f) The Buyer's obligation to close is conditional on the Court making the finding in its ruling that the Assets are property of the estate. (Agreement, ¶ 6(a)).

    (g) The Buyer's obligation to close is conditional on the Court making the finding that the Buyer is a good faith buyer under 11 U.S.C. Section 363(m). (Agreement, ¶ 6(c)).



    (h)  The sale is under 11 U.S.C. Section 363(b); however, (i) the Buyer's obligation to close is conditional on the Court finding the sale of the interest in Atlas SAR is free and clear of any and all claims or interests other than (i) fully perfected security interests, and (ii) any debts, liabilities, or claims to the extent that they are asserted as charges against the Assets or were incurred by or arose against the Assets by operation of law or any acts, omission, or inaction of the debtor or the Trustee prior to the transfer of the Assets to Buyer (the "Surviving Secured Claims"), pursuant to 11 U.S.C. Section 363(f); and (ii) the Trustee's obligation to close is conditional on the Court finding that the Sales Price is not encumbered by any claim of the Debtor or anyone else. (Agreement, ¶ 6(b)). As to the Surviving Secured Claims, the order approving must expressly state (i) the Surviving Secured Claims, if any, shall continue to be a secured claim only against the Assets and not against the estate or any property of the estate, and are not personal liabilities of the Buyer or her successors in interest or the bankruptcy estate, and neither a holder of a Surviving Secured Claim nor the Buyer (or any of her successors in interest) shall have a right of reimbursement of any kind from the bankruptcy estate, or any claim against the bankruptcy estate or any of its assets, on account of such claims; and (ii) any defenses, set offs, or reductions, as well as any affirmative counterclaims, arising from or related to the facts that gave rise to the Surviving Secured Claims that the Trustee could assert are an intangible component of the Assets that the Trustee is selling to Buyer such that they are automatically transferred to the Buyer upon the consummation of the sale. (Agreement, ¶ 18).

## III.
## THE COURT SHOULD GRANT THIS MOTION

  A.  <u>Sale Under Section 363(b)</u>.

Title 11 U.S.C. Section 363(b)(1) provides, in pertinent part:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . .



Proposed sales by trustees are analyzed under the business judgment test. *Collier on Bankruptcy*, ¶ 363.02[4]. As *Collier* notes:

> the bankruptcy court reviews the trustee's . . . business judgment to determine independently whether the judgment is a reasonable one. The court should not substitute its judgment for the trustee's but should determine only whether the trustee's judgment was reasonable and whether a sound business justification exists supporting the sale and its terms.

*Id.*; *In re Bakalis*, 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (noting discretion accorded to trustee with regard to sale of assets). The price should be "fair and reasonable." *Collier on Bankruptcy*, ¶ 363.02[4]. There must be a good faith sales process. *In re Scimeca Found., Inc.*, 497 B.R. 753, 771 (E.D. Pa. 2013) (citing multiple cases); *In re Slates*, 2012 Bankr. Lexis 5159 (9th Cir. BAP 2012) (citing factors: (1) sound business purpose; (2) sale is in best interest of the estate, *i.e.*, the sale price is fair and reasonable; (3) notice to creditors was proper; and (4) sale is made in good faith).

Here, there is a sound business purpose for the Sale: it will allow the estate to obtain a recovery of $12,000. The price is fair and reasonable and was reached only after substantial negotiations between the Trustee and the Buyer, both through counsel. The assets are difficult to sell because of the nature of them.

The Sale is on as "as-is" basis with no warranty or representation and the Buyer understands this.

The Trustee does not have any relationship with the Buyer. (Husted Decl., ¶ 4).

B.     <u>Sale Under Section 363(f)</u>.

As explained above, the Agreement requires the order granting this motion to find the Trustee's sale of the interest in Atlas SAR is free and clear of certain claims or interests under 11 U.S.C. Section 363(f) and the Sales Price is not encumbered by a claim of the Debtor or anyone else.

Section 363(f) authorizes a trustee to sell property under Section 363(b) free and clear of any interest in such property if—

CHAPTER 7 TRUSTEE'S MOTION TO SELL

6



(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Here, there are no entities known who assert an interest in any of the items the Trustee is selling to Buyer. If any entity responds to this motion by, among other things, asserting a lien on one or more of the items to be sold, liens are a mere charge against property that always can be satisfied by a payment of money.

To the extent that the Debtor asserts an interest in any of the items to be sold, he too could be forced to accept money in exchange for that interest as part of this Bankruptcy proceeding which is an equitable proceeding, by definition. Under New Mexico law, upon dissolution of a limited liability company, its assets are liquidated, paid to creditors, and then distributed to the members in accordance with their percentage interests as of the date of dissolution. N.M.S.A. § 53-19-44(C). Thus, the Debtor could be forced to accept a money payment in exchange for his interest in the limited liability company.

Moreover, under New Mexico Law, members holding a majority of the membership interests may cause the dissolution of a limited liability company at any time. N.M.S.A. § 53-19-39(A)(2). The Buyer already holds sufficient voting power in Atlas S.A.R. to cause the immediate dissolution of it. The Trustee understands the Buyer intends to cause the immediate dissolution of Atlas SAR upon her acquisition of the Debtor's 10% interest in Atlas SAR.

Therefore, the requirements of Section 365(f)(5) have been met.

Moreover, the Sales Price shall not be encumbered by any such interest. In the absence of evidence showing a perfected lien on any of the items that are the subject of this motion, there is no legal basis to encumber the Sale Price. The Trustee reserves the right to

respond to and challenge any claimed lien that may be asserted by any party responding or objecting to the Sale Motion.

### C. Overbidding and Break-Up Fee.

As explained above, the Agreement expressly states it is subject to overbidding with no break-up fee (but it states Buyer will be entitled to return of the $3000 deposit if she is not the successful buyer). (Agreement, Ex. A, ¶¶ 2(b); 3). The Trustee offers the following proposed overbidding procedures:

a. Overbidding to start at $13,000;

b. After that, the Court to call for overbids in increments of $1000;

c. Any overbidder must agree to purchase the Assets on the identical (or more favorable to the estate) terms contained in the Agreement;

d. The overbidder must qualify by showing the Trustee and the Court, at or before the hearing, a cashier's check for at least $3000 (the same amount Buyer put down) made payable to "Kimberly J. Husted, Chapter 7 Trustee," as well as proof of funds to close in form and manner acceptable to the Trustee. If the Court rules at the hearing there is a successful overbidder, the successful overbidder must deliver its cashier's check for $3000 to the Trustee at the hearing. The Trustee will hold the $3000 in trust to be applied to the sales price pursuant to the terms of the Agreement; and

e. The overbidder must pay the balance of the sales price consistent with the Agreement.

### D. The Court Should Make a Section 363(m) Finding.

Title 11 U.S.C. Section 363(m) provides, in pertinent part, "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith . . . ." Under Section 363(m), "an appeal of a bankruptcy court's ruling on a foreclosure action [or sale] generally cannot affect the rights of a good faith purchaser of the foreclosed property, unless the debtor [or other

complaining party] stays the foreclosure [or other] sale pending an appeal." *Mann v. Alexander Dawson, Inc. (In re Mann)*, 907 F. 2d 923, 926 (9th Cir. 1990). "[T]he primary goal of the mootness rule [embodied in Section 363(m)] 'is to protect the interest of a good faith purchaser . . . of the property,' thereby assuring finality of sales." *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F. 2d 1170, 1173 (9th Cir. 1988) (quoting *Community Thrift & Loan v. Suchy (In re Suchy)*, 786 F. 2d 900, 901-02 (9th Cir. 1985)).

Courts generally follow traditional equitable principles in holding that a good faith purchaser is one who buys "in good faith" and "for value." *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992). Typically, lack of good faith is shown by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Suchy*, 786 F.2d at 902.

The good faith requirement under Section 363(m) focuses primarily on the disclosure of material sale terms and the absence of fraud or collusion between the purchaser and other bidders or the trustee/debtor in possession. *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F. 2d 143, 147 (3d Cir. 1986) (citing *In re Rock Indus. Mach. Corp.*, 572 F. 2d 1195, 1198 (7th Cir. 1978) and *Taylor v. Lake (In re Cada Invs.)*, 664 F. 2d 1158, 1162 (9th Cir. 1981)).

Here, the Buyer is acting in good faith such that this Court should make a finding under Section 363(m). The negotiations between the Trustee and the Buyer were conducted at arms-length. They took many months. Neither the Trustee nor her professionals have any relationship with the Buyer. The Buyer is purchasing the Property for value and no one else has offered to buy any of the Assets.

E.　<u>The Court Should Waive a Stay of the Sale Order</u>.

Rule 6004(h) of the Federal Rules of Bankruptcy Procedure stays an order authorizing the sale of property for 14 days after the entry of the order unless the Court orders otherwise.

Here, the Trustee requests that the Court waive the 14-day stay. The Trustee submits that assuring the Buyer (and any prospective overbidders) of the finality of the sale is fair and may equate to higher bids at the hearing. It is important to the Trustee – and certainly to any prospective buyer – that the Sale close as soon as possible. Thus, waiver of the 14-day stay period is appropriate.

## IV.
## CONCLUSION

The Court should grant this motion, authorize the sale on the terms set forth in this motion and the Agreement, waive the 14 day stay of Rule 6004(h), find the Buyer is a good faith buyer, make the other findings this motion requests, and grant such other relief as is just and proper.

Dated: May 4, 2018

HERUM\CRABTREE\SUNTAG
A California Professional Corporation

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for Chapter 7 Trustee
KIMBERLY J. HUSTED